## LEO SOMERS v. THE STATE.

### No. 4033. Decided November 11, 1908.

**1.—Theft from Person—Evidence—Witnesses Beyond State's Limits.**

Upon trial of theft from the person where it appeared that State's witnesses resided beyond the limits of the State, and their testimony had been taken in an examining trial, objection that such testimony contravened section 10 of the bill of rights, was not tenable if the same had been otherwise admissible. Following Hobbs v. State, 53 Texas Crim. Rep., 71, 112 S. W. Rep., 308.

**2.—Same—Examining Trial—Evidence.**

Where upon trial of theft from the person it appeared that the testimony of certain absent witnesses, who then lived beyond the limits of the State, and which testimony was reduced to writing in an examining trial related to another and different offense, the same was not admissible in evidence.

Appeal from the District Court of Webb. Tried below before the Hon. J. F. Mullally.

Appeal from a conviction of theft from the person; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*A. Winslow, W. S. Anderson* and *Samuel Belden,* for appellant.— On question of admitting examining-trial testimony: Chester v. State, 23 Texas Crim. App., 577; Belverman v. State, 16 Texas, 131.

*F. J. McCord,* Assistant Attorney-General for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Webb County on a charge that he did on the 21st day of March, 1908, fraudulently and privately take from the possession of one Fritz Boehler one pocketbook of the value of twenty dollars. On trial he was convicted, and his punishment assessed at confinement in the State penitentiary for a term of two years.

A number of reasons are assigned why the judgment of conviction should be set aside and the cause reversed. Some of these questions relate to matters which are not likely to arise on another trial of the case, and in view of the fact that it is to be reversed, we shall discuss only the matters hereinafter referred to.

Counsel for appellant urge that the court erred in admitting in evidence the testimony of Christine Schneider and John Schneider, who were alleged to be non-residents of the State. This testimony was objected to for many reasons. Among others, that the absence of these witnesses and their residence beyond the State were not sufficiently proven. We think in view of the fact that it was shown that these witnesses at the time of the alleged theft were passing through Laredo, that their residence was Cleveland, Ohio, and that they were bound on a pleasure trip to Monterey, Mexico, in connection with the testimony of the district attorney that he had written a letter to John Schneider, to the address given him by said witness, at Cleveland, Ohio, and that he received a reply from him in substance and to the effect that he would be unable to attend the trial, furnish a sufficient predicate for the admission of the testimony taken on the examining trial, if the same had otherwise been admissible. The general objection is made that the court erred in admitting said testimony for the reason that same is in contravention of section 10 of the bill of rights in this State, which guarantees that every person shall be confronted with the witnesses against him. On full consideration this question was decided adversely to the contention of appellant in the case of Earl Hobbs v. State, 53 Texas Crim. Rep., 71; 112 S. W. Rep., 316. This further additional objection was made, however, which we think must be sustained: Because the admission of said written testimony of these witnesses by the

court was error, because said testimony was given by them before a justice of the peace of Webb County holding an examining trial for an offense where appellant was charged by affidavit with the theft of property, to wit: One diamond stud from the possession of John Schneider, which said charge and case is a different and distinct transaction from the one in which this defendant was on trial and of which he was convicted, to wit: The theft of one pocketbook and twenty dollars from the person of Fritz Boehler. We think the rule ought not to be extended beyond that laid down in the case of Hobbs v. State, supra, and where, as in this case, testimony is taken, in an examining trial before a magistrate, on a charge of another and different offense than the one being tried, that such testimony in reference to the distinct offense should not be admitted. We are not aware that this precise question has ever been passed on in this State, but in reason there seems to be no safe ground upon which the admission of such testimony can be sustained.

For the error pointed out, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*