## A. D. Sheppard v. The State.

### No. 1834. Decided May 29, 1912.

**1.—Forgery—Indictment—Grand Jury—Presumption.**

Where upon appeal from a conviction of forgery it appeared that appellant filed a motion to quash the indictment because the foreman of the grand jury was not a qualified voter, but said motion was not sworn to and no evidence was adduced on the motion, the presumption is that the juror was qualified.

**2.—Same—Bill of Exceptions—Plea in Abatement.**

Where the bill of exceptions failed to show what the answer of the witness would have been had he been permitted to answer, there was nothing to review on appeal; besides, the proposed testimony if intended to sustain the plea to the indictment could not be offered during the trial of the case on its merits.

**3.—Same—Evidence—Hearsay.**

Upon trial for forgery there was no error in excluding testimony as to what a witness heard another say.

**.4—Same—Bill of Exception.**

Where the answer of the witness to the question alleged to have been propounded is not stated in the bill of exceptions, there is nothing to review on appeal.

**5.—Same—Bill of Exception.**

In the absence of a bill of exceptions to the introduction of testimony the matter can not be reviewed on appeal.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The State's testimony showed that the defendant was in the business of attempting to procure pardons for convicts in the Texas penitentiary, and in the matter of arranging his fee with the prosecutor was alleged to have forged a bill of sale to a mule belonging to the prosecutor, the latter testifying that he did not give the defendant authority to sign his name to the same, and the defendant testifying that he had such authority.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was charged with the offense of forgery.

When the case was called for trial appellant filed a motion to quash the indictment, alleging that R. E. Shipp, foreman of the grand jury which returned the indictment, was not a qualified voter in Hunt County at the time he served as foreman of the grand jury, in that he moved from Hunt County to Grayson County for eight or nine months, and had returned to Hunt County only a short time before the convening of the term of court at which he served as foreman of the grand jury. This motion was not sworn to by appellant or any other person, and no evidence offered in support of the facts alleged at the time the motion was presented. Inasmuch as there was no evidence adduced on the motion, at least none presented to us, we can not presume that the allegations of an unsworn plea are true, but the presumption would be that the grand juror was qualified, and the burden would be upon defendant to show that he was not a qualified juror. The question is not properly raised by the plea filed under the holdings of this court. For a discussion of this question see Woods v. State, 26 Texas Crim. App., 506; and in the case of Lienburger v. State, 21 S. W. Rep., 603, the question attempted to be raised by appellant is decided adversely to his contention.

After the motion to quash had been overruled, and the case was being tried, R. E. Shipp was called as a witness for the State, and on cross-examination of the witness he was asked: "At what time in the fall of 1910 did you sell your home in Greenville and move to Grayson County, and what time did you and your family move back to Hunt County?" To which question the State objected, and when the objection was sustained by the court, the bill recites "defendant excepted and still excepts and here tenders his bill of exceptions." What the answer of the witness would have been had he been permitted to answer the question is not stated in the bill, and, there-

fore, nothing is presented for review.  (Love v. State, 35 Texas Crim. Rep., 27.)  If it was intended by this question to sustain the plea to the indictment, this evidence ought to have been offered when the motion to quash was being considered, and not during the trial of the case on its merits.

While defendant was on the stand testifying in his own behalf, appellant's attorney asked him: "After you had sent your claim for $25 to the constable at Lone Oak for collection, what was the report the constable made to you as to what John Bryant said?"  John Bryant and the constable Biard were both witnesses, the constable being a witness for the defendant, and he might have proved by constable Biard what the prosecuting witness Bryant had said, but he could not prove by appellant what Biard told him Bryant had said. This would be hearsay pure and simple.

In bill No. 4 the answer of the witness to the question alleged to have been propounded is not stated in the bill, therefore, nothing is presented for review, as the bill is insufficient in that respect.  (Sec. 1123 White's Annotated Code of Criminal Procedure.)

These are all the bills of exception in the record, and the grounds in the motion for new trial based on alleged bills of exception Nos. 5, 7, 8 and 9 can not be considered as there are no such bills, and where there is no exception to the introduction of testimony reserved we can not review the action of the trial court in these respects.

The judgment is affirmed.

*Affirmed.*

Prendergast, J., not sitting.