## JAMES MATHIS v. THE STATE.

### No. 5273. Decided February 5, 1919.

**1.—Adultery—Witness—Incriminating Testimony.**

Where, upon trial of adultery, the State introduced in evidence defendant's own statement given in a prior divorce trial, to which objection was raised by an attorney at law who was not then representing defendant, and it appeared that the defendant as a witness then was uninformed of his right to make the objection, and such testimony incriminated the defendant as to acts of adultery in the instant case, the same was reversible error, as the court should have instructed the witness that he could not be compelled to incriminate himself.

**2.—Same—Rule Stated—Incriminating Testimony.**

When a witness makes known in any language his objection to giving incriminating testimony, the trial court should either desist or further inquire

into the cause of his hesitation and inform him in language understood by the witness that he does not have to incriminate himself.

Appeal from the County Court of Kaufman.   Tried below before the Hon. J. P. Coon.

Appeal from a conviction of adultery; penalty, a fine of five hundred dollars.

The opinion states the case.

*Lee R. Stroud,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of self-incrimination:   Ex parte Park, 37 Texas Crim. Rep., 590; Mooney v. State, 164 S. W. Rep., 828; Ex parte Adams, 174 S. W. Rep., 1044.

LATTIMORE, JUDGE.—In this case appellant was convicted in the County Court of Kaufman County of the offense of adultery and his punishment fixed at a fine of $500.

Appellant raises several questions on this appeal, but one of which we deem it necessary to discuss.

On the trial below the State offered in evidence against appellant his own statements given in testimony on a divorce trial in the District Court of said county, in which divorce case the alleged paramour of appellant in the instant case was one of the parties.   The appellant's bill of exceptions shows that when this testimony was offered in the instant trial objection was made thereto upon the ground that same was improperly obtained in the District Court and in such manner as to be in violation of appellant's constitutional privilege against incriminating himself.   The county judge overruled the objection and the testimony as given by him in said District Court proceedings was placed before the jury.   In this, we think, there was error.

As shown by the record, when appellant was a witness in said District Court proceedings he was asked "if within his knowledge Bessie Killeen had on or about the first day of August, 1916, committed sexual intercourse with a man not her husband?" and to this he answered affirmatively, stating that she had done so.   He was then asked to state who the man was with whom she had committed the act, and we quote from the bill to show what occurred, as follows:

"When the witness told the court that he wished to be excused from further answering about the man or who the man was, and then said attorney for J. B. Killeen desisted from further inquiry and stated that he would not examine the witness further; whereupon the court (Joel R. Bond, judge) on cross told the witness, Matthis, to state who the man was that he referred to, when the attorney for J. B. Killen stated to that court, that he objected for the witness because to further answer or to state who the man was the witness would have to incriminate himself, but such objection being made by the attorney for J. B. Killen,

and that court finding that he was not attorney for the witness, who, though unwilling to answer did not state himself such grounds of objection to that court, that court overruled such objection so made by Killen's attorney, and told the witness who was uninformed of his right to make that objection, to then answer the question, whereupon he answered that he himself was the man, and in further answer to the court's crosses was required to state and did testify that said sexual intercourse from its commencement until the said act about August 1, 1916."

Section 10 of our Bill of Rights plainly states that no man shall be compelled to give evidence against himself. This court in Owen v. State, 7 Texas Crim. App., 329, held that this privilege could be claimed by the witness for himself but not for either party by attorney, further holding, however, that when the question was raised the court ought to instruct the witness that he could not be compelled to give an answer that would incriminate him or subject him to a criminal prosecution.

In the instant case no such instruction was given to the witness, but, on the contrary, when he asked to be excused from giving the name of the party, and the attorney trying the case desisted from questioning him, the trial court took the matter in hand and directed said witness to tell the name of the man, which he did, stating that he himself was the party with whom such illicit relations were had and that they had extended over a period of several months. True, the appellant, as such witness, did not expressly state his objection to giving such incriminating testimony in the language of the courts. The unlearned are not expected, nor is anyone required so to do. When a witness makes known in any language his objection to giving incriminating testimony, the trial court should either desist or further inquire into the cause of his hesitation and inform him in language understood by the witness that he does not have to incriminate himself. It is not always compatible with the ends of justice for the matter to rest here, but it may be necessary for the court in a proper case, and perhaps out of the presence of a jury, to inquire further into the matter in order to ascertain if the objection of the witness is real and his reasons genuine, but when ascertained, and when the witness, after being informed, persists in his objection, if such evidence be incriminating it should never be received, and certainly should never be reproduced against an unwilling witness as was done in this case. The bill of exceptions sufficiently raises the point.

We do not agree with able counsel for appellant in the other contentions made by him. The statements made by appellant in said District Court proceedings were material testimony and were incriminating.

For the error of the court below in admitting them in evidence here the judgment is reversed and the cause remanded.

*Reversed and remanded.*