## P. H. Roberts v. The State.

No. 6218.   Decided May 4, 1921.

Rehearing denied June 1, 1921.

**1.—Assault to Murder—Continuance—Want of Diligence—Subpoena in Other Case.**

Diligence to procure the attendance of an absent witness is not established by showing that in another case against the accused, pending in the same court, a subpoena for the witness had been issued; but even if the diligence was not wanting, the abuse of the trial judge's discretion in overruling the application is not apparent; it being conceded that the mental derangement of defendant was an exception, it was his burden to prove that it prevailed at the time the offense was committed, and this could not be shown by the alleged absent testimony. Following Hunt v. State, 33 Texas Crim. Rep., 252, and other cases.

**2.—Same—Evidence—Former Testimony—Rule Stated—Defendant as Witness·**

The rule prevailing in this State is that, where one upon the trial of his case voluntarily becomes a witness and testifies to facts which are relevant and material, they may be used against him in a re-trial or on the trial of another case involving the same transaction. Following Williams v. State, 88 Texas Crim. Rep., 87, and other cases. Distinguishing Somers v. State, 54, Texas Crim. Rep., 475.

**3.—Same—Evidence—Insanity—Act of Defendant—Opinion of Witness.**

There was no error in permitting the sheriff to describe the demeanor of the defendant at the time of his arrest. This testimony was admissible as bearing upon the issue of insanity, nor to give his opinion based upon the conversation with the defendant and his conduct while in his custody touching his insanity. Following Burt v. State, 38 Texas Crim. Rep. 397, and other cases.

**4.—Same—Evidence—Former Testimony—Rule Stated—Rehearing—Witness·**

If an accused, not under arrest or as a witness, makes a statement of a criminative character it may be used against him in any prosecution wherein it may become pertinent. Distinguishing Mathis v. State, 84 Texas Crim. Rep., 514.

Appeal from the District Court of Walker.  Tried below before the Honorable J. A. Platt.

Appeal from a conviction of assault with intent to murder; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*A. T. McKinney, Jr.,* for appellant.—On question of former testimony: Denton v. State, 42 Texas Crim. Rep., 429; Herndon v. State, 99 S. W. Rep., 558; Smith v. State, 105 id., 501; Haney v. State, 122 id., 34.

*R. H. Hamilton,* Assistant Attorney General, for the State.—Cited Witty v. State, 153 S. W. Rep., 1146, and cases cited in opinion.

MORROW, PRESIDING JUDGE.—Conviction is for assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of eight years.

The injured party was the wife of the appellant. The tragedy is described by the State's witness, Miss Ethel Sprott, appellant's stepdaughter. There had been a separation, at least the appellant had been away from his home for some days. Upon his return, he asked his wife if he could come back home. Not receiving a favorable reply, he drew his pistol. The witness jumped in the lap of her mother, was ordered by the appellant to get out, and failing to do so, he shot her; and upon her falling her mother ran and was also shot. The appellant then shot himself. Other witnesses, including appellant's wife, gave a description of the shooting which coincided with that of the young woman whom we have mentioned.

Upon his arrest, there were found upon the person of appellant several letters which had been written by him. One was to his brother, one to his wife's brother, one to his stepdaughter, and one to the minister. In these letters he expressed affection for his wife, resentment at her treatment of him, and an intention to kill her and commit suicide. He also complained of mistreatment by his stepdaughter, and in his letter to his brother he gave minute information touching the amount of money that he owed and the name of each of his creditors.

Appellant was engaged as a guard of convicts in the penitentiary and had been so engaged for a long time. He introduced testimony of a non-expert witness to the effect that at the time of the occurrence, or about that time, his mind was unsound. The State's testimony combatted this theory and this was the controverted question before the jury.

An application for a continuance was made because of absence of a witness by whom he expected to prove acquaintance with the appellant and knowledge of his general conduct, disposition and behavior for eighteen years; that when worried or provoked his mind became unbalanced; and details of incidents in the conduct of appellant which the witness would relate as a predicate for his opinion were embraced in the application. The application disclosed that no subpœna had been issued to the witness, though he lived in a nearby town; that in the companion case for shooting Miss Ethel Sprott, the witness had been subpœnaed; that a telegram from the doctor had been received stating that "the son of the witness had typhoid fever and that it was impossible for him to come."

Diligence to procure the attendance of an absent witness is not established by showing that, in another case against the accused, pending in the same court, a subpœna for the witness had been issued. The law gives one accused of crime the right to compulsory process to secure the attendance of his witnesses, and imposes upon him the duty to cause the issuance of such process where he has knowledge

of the witness and his whereabouts within the State. If, with such knowledge, he fails or refuses to avail himself of the privilege of issuing process and seeking to have it served, he is not in a position to demand that the court postpone his case because of the absence of the witness. The precedents upon this subject are definite. Isham v. State, 49 S. W. Rep., 594; Vanderberg v. State, 66 Texas Crim. Rep., 583, 148 S. W. Rep., 314; Cyc. of Law & Procedure, Vol. 9, page 197. The reasons for this ruling embraced in the previous decisions of this court are deemed sufficient and a restatement of them is unnecessary. Even if the diligence was not wanting, the abuse of the trial judge's discretion in overruling the application is not apparent. He was not bound to accept the telegram from the doctor as conclusive evidence that the attendance of the witness could not be secured during the trial. The facts developed in the trial of the case, while they reveal the relevancy of the testimony of the absent witness, they disclose that it was not of controlling importance. It was not the contention of the appellant that he was permanently insane or that he was suffering from a malady continuous in its operation. It went to the extent only of asserting that he was subject to recurrent or fitful attacks of mental derangement, consequent upon excitement or agitation brought about by disturbing emotions. The absent witness, according to the application, would have testified to this general condition of the appellant's mind but could not have testified that at the time the offense was committed his reason was dethroned. His testimony circumstantially pointed to this conclusion and in this respect was cumulative of much other testimony which was before the jury. The crucial point in the case was the condition of appellant's mind at the time he shot his wife, and the existence of mental derangement at that time was not a presumption following the proof that upon other occasions he had become temporarily deranged. It being conceded that mental derangement was an exception, it was appellant's burden to prove that it prevailed at the time the offense was committed. Leache v. State, 22 Texas Crim. App., 279; Webb v. State, 5 Texas Crim. App., 596; Wooten v. State, 51 Texas Crim. Rep., 428; Hunt v. State, 33 Texas Crim. Rep., 252.

It seems that the appellant had testified on a former occasion that he had no knowledge of what took place at the time the alleged offense was committed. The bill does not make it plain whether this occurred upon this trial or of another case. Assuming, however, that it was in a trial of another case, there was no error in admitting it. The rule prevailing in this State, as we understand, is that where one, upon the trial of his case, voluntarily becomes a witness and testifies to facts, which are relevant and material, they may be used against him in a re-trial or on the trial of another case involving the same transaction. Jones v. State, 64 Texas Crim. Rep., 510, 143 S. W. Rep., 622; Smith v. State, 75 S. W. Rep., 298; Preston v. State, 41 Texas Crim. Rep., 300; Williams v. State, 88 Texas Crim. Rep.,

87, 225 .S. W. Rep., 178. We are, by appelant, referred to Somers v. State, 54 Texas Crim. Rep., 475, 113 S. W. Rep., 533, but deals with a different question and is not in point in this case.

There was no error in permitting the sheriff to describe the demeanor of the appellant at the time of his arrest. This testimony was admissible as bearing upon the issue of insanity. Lane v. State, 59 Texas Crim. Rep. 595, 129 S. W. Rep., 353; Hurst v. State, 40 Texas Crim. Rep., 378, 50 S. W. Rep., 719; Mikeska v. State, 75 Texas Crim. Rep., 109, 182 S. W. Rep., 1127. Nor did the court err in permitting the sheriff to give his opinion, based upon the conversation with the appellant and his conduct while in his custody touching his insanity. Turner v. State, 61 Texas Crim. Rep., 97; Cannon v. State, 41 Texas Crim. Rep., 467; Lane v. State, 59 Texas Crim. Rep., 603; Burt v. State, 38 Texas Crim. Rep., 397; Plummer v. State, 86 Texas Crim. Rep., 495.

The record reveals no error which would authorize a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

ON REHEARING.

June 1, 1921.

HAWKINS, JUDGE.—In our original opinion we held that where a defendant voluntarily becomes a witness in his own behalf, that his testimony where relevant and material may be used against him in a re-trial of the same case, or the trial of another case, where his statements on the former trial are pertinent. Appellant urges that we were in error in so far as our announcement goes to the extent of permitting the former testimony of an accused to be reproduced against him in an entirely new case. Upon principle and reason we do not think we fell into error in so holding.

In Johnson v. State, 39 Texas Crim. Rep., 625, 48 S. W. Rep., 70. the defendant was charged with theft in the County Court and with burglary in the District Court. He entered a plea of guilty to theft, and upon his trial for burglary his plea of guilty was introduced against him over his objection that he had not been warned of the consequences at the time he entered this plea of guilty to the theft charge. It was held legitimate evidence on the trial of the burglary charge, upon the theory that the plea of guilty in the misdemeanor case was freely and voluntarily made. In Collins v. State, 39 Texas Crim. Rep., 441, 46 S. W. Rep., 933, while defendant was being tried the second time he was cross-examined with reference to a certain statement made by him while on the witness stand on the first trial of the case. An objection was urged to the testimony because appellant was not warned or cautioned under the statute relative to confessions before his evidence was given on the former trial. Judge HENDERSON, in discussing the question, used the following language:

"It is contended here that, although he voluntarily took the stand, such testimony could not be used adversely to him, unless he had been warned before making the same, although he was a witness in his own behalf. If this contention is right, then the statements so made could not be used by the jury that tried the first case, because he had not been warned. If the failure to warn could be used to prevent his testimony at a former trial from being used at a subsequent trial, the same reason would preclude its use at the first trial."

Later on in the opinion, discussing the same matter, he said:

"A defendant having taken the stand in his own behalf, it is presumed that he does so after having advised with his counsel, and after full knowledge that he can become a witness on his own behalf; and that when he does so he is to be treated, while on the stand, as any other witness, and his testimony so given can be used against him at any subsequent trial. If this were not so, he would testify under a ban, and not with that freedom which the law seems to apprehend."

Wharton's Criminal Evidence, page 1371, Sec. 664, 10th Edition, discussing the question now under consideration, says:

"In the earlier cases, confessions under oath were generally excluded. The reason for this was that the 'examination of the prisoner should be without oath, and, of the others, upon oath,' so that where the accused was examined on oath the confession was rejected, because of the illegal manner in which it was taken, and not merely because of the oath. But, when the disqualifications of the accused were removed, and he was allowed to become a witness in his own behalf at his own election, the rule ceased when the reason ceased. Hence, the mere administration of an oath, to the accused, will not render the confession involuntary; nor the fact that the confession was made under oath, as a witness, or otherwise, in prior judicial proceedings, if no compulsion nor undue influence was used."

If an accused, not under arrest, makes a statement of a criminative character it may be used against him in any prosecution wherein it may become pertinent. An accused can become a witness only by his own voluntary act; and when he thus voluntarily takes the witness stand, and under the sanction of an oath speaks, it is as any other witness; and if his statements while testifying become pertinent to an issue arising in the subsequent trial of the same case, or of another case, we can see no valid reason why the State may not prove the statements against him. If A were on trial in the County Court for a misdemeanor, and should testify that he was nineteen years of age. and subsequently was on trial for a felony in the District Court, and in an effort to secure the benefit of the "juvenile law" should swear he was only sixteen years of age, it would seem illogical and contrary to principle to deny the State the right to prove his former statement on that issue. If B should have testified on the misdemeanor trial that A was nineteen, and then change his testimony on the trial of the felony, and swear A was only sixteen, certainly it would not be ques-

tioned but that the State could attack B by showing his former testimony.   In principle we can see no distinction.   When A voluntarily takes the witness stand in his own behalf the safeguard under the law of "confessions" is waived by him; in the eyes of the law he becomes as any other witness; if, while testifying, he makes inculpatory admissions, they may be proven against him in any case where pertinent.

The holding here is not in conflict with Mathis v. State, 84 Texas Crim. Rep., 514, 209 S. W. Rep., 737.   In that case a witness while testifying in a civil suit declined to answer a question because it would criminate him.   He was compelled by the court to answer.   On a subsequent trial of the witness on a criminal charge the State proved against him his unwilling and forced statement.   This court properly held it was error.

For the reasons stated, we adhere to our original opinion, and the motion for rehearing is overruled.

*Overruled.*