P. H. ROBERTS v. THE STATE.

No. .6217.  Decided May 25, 1921.

1.—Assault to Murder—Continuance.

Where upon trial of assault with intent to murder, the first _,plication
for continuance on account of an absent witness showed due diligence for
process, and that the absent testimony was material, the overruling of
same was reversible error. Following Roberts v. State, 67 Texas Crim. Rep.,
580, and other cases.

2.—Same—Companion Case—Practice on Appeal.

Where other points presented in the appeal were without merit, and
ruled upon adversely in a companion case, they need not be again considered.

Appeal from the District Court of Walker.  Tried below before the
Honorable J. A. Platt.

Appeal from a conviction of assault with intent to murder; penalty,
seven years imprisonment in the penitentiary.

The opinion states the case.

*A. T. McKinney, Jr.,* and *M. E. Gates,* for appellant.—Cited Roberts
v. State, 150 S. W. Rep., 627; Barlow v. State, 133 S. W. Rep.,
1050; Webb v. State, 5 Texas Crim. App., 596.

*R. H. Hamilton,* Assistant Attorney General, for the State.—Cited
Leach v. State, 22 Texas Crim. App., 279; Wooten v. State, 51 Texas
Crim. Rep., 428.

MORROW, PRESIDING JUDGE.—Conviction is for assault to murder
Miss Ethel Sprott.

It is a companion case to No. 6218, 231 S. W. Rep., 759, against
the same appellant wherein he was convicted for an assault with in-
tent to murder his wife.  The transaction detailed in that case dis-
closes the facts in this one.

The defense was insanity.  The first application for a continuance
on account of the absence of the witness Parrott was presented and
overruled.  That the diligence appears sufficient was not controverted.
The evidence of the absent witness bore upon the issue of insanity,
which issue was strongly supported by facts and circumstances as
well as the opinion of non-expert witnesses.

In the companion case, we declined to reverse on account of the absence of the same testimony, but in that case the record excluded any legal diligence to secure his attendance. In the case before us, that the diligence required had been exercised was not contested. The testimony was manifestly material to the only defensive issue presented. We find no basis for a conclusion that the testimony of the absent witness was not probably true. That is to say, there is no sufficient reason for assuming that he would not have recited the facts set up in the application and given his opinion based thereon that the appellant was, at times, insane to a degree rendering him incapable of comprehending the distinction between right and wrong. The other evidence in the case rather discredit the idea that the witness would not have given the testimony. We think it cannot be said, as a matter of law, that it would have had no effect upon the verdict. Upon the record, we are of the opinion that it was not within the discretion of the learned trial judge to overrule the application and that in the light of the facts developed, a new trial should have been awarded. Roberts v. State, 67 Texas Crim. Rep., 580, 150 S. W. Rep., 627; Barlow v. State, 61 Texas Crim. Rep., 64, 133 S. W. Rep., 1050; Webb v. State, 5 Texas Crim. App., 596.

Upon the other points presented the record is, in every essential sense, like that in the companion case, and for the reason therein stated are, in our opinion, without merit.

Upon the ground indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*