LATTIMORE, Judge.
 

 Appellant was convicted in the district court of Ellis County of arson, and his punishment fixed at two years in the penitentitary.
 

 Appellant lived in the little town of Britton in the northwest corner of Ellis County. On the night in question his house and personal property therein burned. Appellant made sworn report to the insurance companies setting out that all of his property was destroyed. Later it was discovered that a quantity of the property had been removed on the night of the fire and carried to Dallas and placed in a storage house by appellant’s brother-in-law, one C. J. "Watts. One of the counts of the indictment charged Watts with being a principal offender in the commission of the offense.
 

 
 *556
 
 On the trial the State introduced against appellant his testimony as given in a former trial, it appearing that prior to the time of the instant trial and upon an indictment charging the same offense and based on the same transaction, appellant was tried and a mistrial had. Appellant took the stand in his own behalf at said former trial. The stenographic report of his entire testimony was offered by the State and was objected to by appellant chiefly upon the ground that it was immaterial, irrelevant and inadmissible. We would feel constrained to treat such a bill of exceptions largely as we do an exception to an entire argument made by the prosecutor. There is no question but that a part of the testimony given by the appellant on the former trial and which was introduced here, would be pertinent. This court must decline to be driven to the point of searching through ten or fifteen pages of typewritten questions and answers to determine whether there be in the testimony at the former trial which was introduced on this, anything not pertinent or material to the issue. If appellant desires this court to consider an objection of that kind, he should have selected such portions of the evidence as he deemed open to the objections, presented same to the court and taken his bill of exceptions thereto. This court decided in Roberts v. State, 89 Texas Crim. Rep. 456, that the testimony given upon a former trial, which was of any pertinence or materiality to the issues involved in the instant trial, would be admissible.
 

 We are unable to grasp the weight of the objection to the testimony of Miss Parsley who said that she spent the night at the home of appellant, on the night of the fire, and that C. J. Watts was at said house in the early part of said night. That a question may be answered yes or no does not make it leading, and in view of the State’s contention that Watts was a party to the alleged arson and that he did in fact remove from the house during the latter part of the night, and about the time of the fire, certain personal property belonging to appellant, — it became material to ascertain his presence there during the forepart of said night.
 

 Watts was at appellant’s house when the fire broke out. He was appellant’s brother-in-law and, according to the testimony, placed articles of value to appellant in a truck while the house was burning and departed at once and carried said articles to Dallas and placed them in a storage house in his name, stating that the stuff came from Mansfield. The court in his charge told the jury that if appellant either alone or acting together with C. J. Watts * *
 
 *
 
 did wilfully set fire to and burn said house, etc. Exception was taken to this on the ground that there was no evidence connecting Watts with the burning of the house. We regret our inability to accede to this contention, and see no error in the court’s action. The case was dependent on circumstantial evidence both as to Watts and to appellant.- Both were present when the fire' began and Watts re
 
 *557
 
 moved the property mentioned and departed before the house was consumed. Substantially the same complaint is evidenced by another bill of exceptions, and in neither of them do we think any error appears.
 

 This disposes of the complaints shown in the various bills of exception, and being of opinion that error is not shown, and that the facts support the verdict, an affirmance will be ordered.
 

 Affirmed.