GILBERTO RODRIGUEZ v. THE STATE.

No. 22202. Delivered October 21, 1942.

The opinion states the case.

*Aubrey Davee,* of Brady, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of two years in the penitentiary on an indictment charging him with assault to murder.

The evidence discloses that appellant was engaged in weighing for a number of Mexican cotton pickers in McCullough County. On the date of the crime several Mexicans had gone to a swimming place in an automobile. Before they got out of the car  the appellant approached in another car. He took a .410 gauge single barrel shotgun from the automobile in which he was riding and approached the other car, displaying it in such manner as to raise a protest from some of the occupants. When they did so he pointed the barrel into the car and fired the gun, striking a woman in the breast, inflicting serious wounds which the doctor testified might have caused her death.

On the trial of the case the only defense seems to have been his plea of insanity. It is not contended that appellant was at all times insane, but that he had "spells" in which he appeared to be without reason, judgment or memory. His mother, a very ignorant woman, so testified and, in addition, gave evidence of insanity among other members of the family. Several other members of the family, including his wife and brother, together with two others, were subpoenaed and were in attendance on court, but were not called to testify. No witness gave any evidence of any insane demonstrations or characteristic conduct indicating an insane "spell" at the time, immediately before or after the commission of the offense. The mother said that when he had such "spells" they would last for a day or two. The deputy sheriff who arrested the accused shortly after the shooting testified positively to his

condition, with the conclusion that appellant was not at the time suffering from any such spell. The sheriff also gave evidence along the same line.

The one bill of exception in the case is relied upon in the appellant's brief as grounds for reversal. It complains of the action of the court in refusing to grant his motion for a continuance.

Appellant was arrested on the 7th day of January, 1942, and on the following day made application for a subpoena for Antonio Andrada, his brother-in-law, who was alleged to have resided near Seagraves in Gaines County. There is no contest to his contention that he used due dilligence to secure the attendance of the witness. The application set out that the witness had known defendant for several years and would testify that during these years the defendant had been and is "now afflicted with partial or recurring insanity, and that he has frequent spells, or periods, of temporary insanity." It is further alleged that the witness would testify that during such time appellant was incapable of distinguishing right from wrong or knowing the import or consequence of his acts committed while in such condition. It further says that from the conduct of appellant in the commission of the crime it would be the opinion of the witness that appellant was suffering from one of his attacks of temporary insanity. No contest was filed to this motion and the court overruled it. It appears that no motion for a new trial was presented and no affidavit from the absent witness supports the contention of appellant that he would testify as set out in the application.

In his brief appellant relies on Mansell v. State, 182 S. W. 1137, and Roberts v. State, 231 S. W. 762. It is our opinion that the Mansell case is not in point. The Roberts case presents a very similar question which must be distinguished, or it should control. In that opinion Judge Morrow observed that the evidence of the absent witness was material to the only defensive issue presented and his conclusion that the case should be reversed was based on the ground that the "developed facts" in that particular case were such that it was not within the sound discretion of the trial judge to overrule the application, and that "in the light of the facts developed, a new trial should have been awarded." We are not given the benefit of what the writer of the opinion had in mind when he referred to

the "developed facts." Such statement has the effect of limiting the holding to that particular case and does not make it as a pronouncement of the law under any and all state of facts.

Furthermore, it is the contention in the case before us that appellant was of unsound mind only at periods. The application for a continuance says that the absent witness would give his opinion based on the facts of the case as developed by the State with his conclusion therefrom that the appellant was at that very time "legally not responsible for his acts" and that he was suffering from an attack of temporary insanity. The witness would not have been able to testify to any legal conclusion in this or any other case and it is seriously doubted that he might be able, as a layman, to give his opinion on a hypothetical question describing the conduct of appellant at the time he did the shooting. As least, it is our conclusion that the evidence would not have been admissible on this point if based on the things set out in the application. That a layman may be able to testify to the mental condition of a party on trial whom he knows will be admitted, provided he has first detailed the facts upon which he bases his opinion. It is not shown that the brother-in-law had seen appellant within recent times; that he had been advised of the facts of the case and that his conclusions had been made known to the party on trial or to his attorney. The record excludes such for it is not shown exactly where he lived and it appears affirmatively that they had no communication from him indicating whether or not he would be present. The mere hope that he would give the desired testimony is the most that the circumstances indicate. If the wife, the brother and others present who undoubtedly had known appellant for a long time, were not called to so testify, this hope seems to have been but a faint one and we cannot say that the trial court abused his discretion in overruling the motion or that it was incumbent upon him to grant a new trial under the facts which developed in the case. He reasonably concluded that the absent witness would not help appellant's defense. If a motion had been made for a new trial, accompanied by an affidavit by the absent witness detailing admissible evidence of value to the party on trial, it might have presented a much more complicated question.

So finding, it follows that the judgment of the trial court should be and it is hereby affirmed.